**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

**ELAINE GRINWALD**
N6675 State Road 67
Iron Ridge, WI 53035
Plaintiff,

v.

**ETHEL MAY CONNER**
N7820 Country Road M
Shiocton, WI 54170

**NICHOLAS CONNER**
22501 Windermere Court
Novi, MI 48374

**Case No.: 1:26-cv-556**

and

**MISTY WOOD**
11148 Falls Trail
Lonsdale, MN 55046

**COMPLAINT**

NOW COMES the Plaintiff, Elaine Grinwald, through her attorneys, AXEPOINT LAW, and hereby alleges as follows:

**PARTIES**

1. Plaintiff, Elaine Grinwald, is an adult resident of Iron Ridge, Wisconsin.
2. Defendant Ethel May Conner is an adult individual who, upon information and belief, resided in Shiocton, Wisconsin during the relevant period.
3. At all relevant times, Defendant Ethel May Conner was an employer within the meaning of the FLSA and Wisconsin wage law because she directly or indirectly acted in the interest of an employer in relation to Plaintiff.

4. Defendant Nicholas Conner is an adult individual who, upon information and belief, resides in Michigan.

5. At all relevant times, Defendant Nicholas Conner was an employer within the meaning of the FLSA and Wisconsin wage law because he directly or indirectly acted in the interest of an employer in relation to Plaintiff, including through control over finances, compensation decisions, and Plaintiff's continued work status.

6. Defendant Misty Wood is an adult individual who, upon information and belief, resides in Minnesota.

7. At all relevant times, Defendant Misty Wood was an employer within the meaning of the FLSA and Wisconsin wage law because she directly or indirectly acted in the interest of an employer in relation to Plaintiff, including through direction, supervision, scheduling input, staffing decisions, and control over the conditions under which Plaintiff performed work.

8. At all relevant times, Defendants were joint employers of Plaintiff.

9. At all relevant times, Defendants acted directly or indirectly in the interest of one another with respect to Plaintiff's work.

**JURISDICTION AND VENUE**

10. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the FLSA.

12. This Court has supplemental jurisdiction over Plaintiff's related Wisconsin law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District.

## NATURE OF THE ACTION

14. Plaintiff provided substantial caregiving and domestic services for Defendants' benefit in and around Ethel May Conner's home in Shiocton, Wisconsin.

15. Plaintiff performed this work pursuant to an arrangement under which she was to be compensated, yet Defendants failed to pay her wages as required by federal and Wisconsin law.

16. Defendants accepted the benefit of Plaintiff's labor, exercised direct and indirect control over that labor, and failed to maintain and preserve accurate wage and hour records.

17. After Plaintiff raised the issue of compensation and asserted her right to be paid, Defendants took adverse action against her, including ending her role and removing her from the residence.

## FACTUAL ALLEGATIONS

18. In approximately July 2022, Plaintiff began residing at Ethel May Conner's residence after assisting Ethel following household issues at the property.

19. Shortly thereafter, Plaintiff learned that Ethel suffered from dementia and cognitive decline.

20. Plaintiff raised concerns about the situation and whether she should remain.

21. Defendants, including Misty Wood, communicated that Plaintiff should remain and that she would be paid as Ethel's condition worsened.

22. Plaintiff thereafter continued providing caregiving and household services for Defendants' benefit.

23. Plaintiff's work included, among other things, supervision, meal preparation, medication-related assistance, transportation, cleaning, laundry, safety monitoring, and overnight presence as Ethel's condition required.

24. At all times relevant to this action, Plaintiff's work was regular, substantial, and necessary to Ethel's daily functioning, safety, and household continuity.

25. Plaintiff was providing ongoing live-in caregiving and domestic services on a near-continuous basis.

26. Plaintiff regularly performed substantial daytime care and was also required to remain available overnight and respond to Ethel's needs as they arose.

27. Plaintiff worked seven days per week.

28. Plaintiff could not freely leave without considering Ethel's care needs and arranging or securing coverage.

29. Defendants knew Plaintiff was performing this work.

30. Defendants accepted and benefited from Plaintiff's work.

31. Defendants exercised actual or functional control over Plaintiff's work, including caregiving decisions, scheduling matters, appointments, relief coverage, payment-related decisions, and Plaintiff's continued role in the home.

32. Misty Wood communicated with Plaintiff regarding caregiving logistics, medical appointments, scheduling, supervision, use of relief caregivers, and whether other caregivers should continue or be used.

33. Nicholas Conner exercised control over financial matters and payment decisions affecting Plaintiff's work.

34. Upon information and belief, Nicholas Conner held or exercised financial power of attorney for Ethel during relevant periods.

35. Defendants paid other caregivers or helpers for at least some services provided to Ethel, including individuals referred to as Kathy and Marge, while Plaintiff herself was not paid for her caregiving services.

36. Defendants did not keep or furnish proper records of Plaintiff's hours worked or wages due.

37. In approximately August 2025, Plaintiff raised the issue of compensation for her work.

38. Plaintiff sought payment for the caregiving services she had been performing.

39. Defendants responded with compensation discussions and proposed amounts far below the lawful value of the work being performed.

40. Plaintiff did not agree to any lawful wage arrangement that would excuse Defendants' failure to pay minimum wages or overtime for all compensable hours worked.

41. After Plaintiff asserted her right to be paid, the relationship deteriorated.

42. Nicholas Conner made statements reflecting authority over whether Plaintiff would continue in her role, including a statement to the effect of, "Do you like having a job?"

43. On or about December 8, 2025, Misty Wood and Nicholas Conner arrived with law enforcement and sought Plaintiff's removal from the residence.

44. Law enforcement declined to remove Plaintiff that day.

45. On or about December 9, 2025, further law enforcement involvement occurred during removal of Plaintiff's belongings.

46. Adult Protective Services had also been contacted in or around that same period.

47. Defendants thereby terminated Plaintiff's work and access to the residence shortly after Plaintiff asserted her right to compensation.

48. Defendants' failure to pay wages and failure to keep accurate records were willful.

49. Defendants knew Plaintiff was performing substantial work of economic value.

50. Defendants knew Plaintiff expected to be paid and later demanded payment.

51. Defendants nevertheless failed to pay Plaintiff any wages for all compensable hours worked.

52. Defendants also failed to pay overtime compensation required by federal and Wisconsin law.

53. Plaintiff seeks recovery for all compensable hours worked within the maximum statutory period applicable to willful violations, including the three-year period under 29 U.S.C. § 255(a).

54. Further, Plaintiff's Wisconsin wage claims are governed by the six-year limitations period under Wis. Stat. § 893.43, and Plaintiff seeks recovery for all wages due within that period.

**Count I**

**Failure to Pay Minimum Wage in Violation of the FLSA**

**29 U.S.C. § 206**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein

55. At all relevant times, Plaintiff was an employee within the meaning of the FLSA.

56. At all relevant times, Plaintiff was individually covered under the FLSA.

57. At all relevant times, Defendants were employers within the meaning of the FLSA and acted as joint employers of Plaintiff.

58. Plaintiff performed compensable work for Defendants.

59. Defendants suffered or permitted Plaintiff to work.

60. Defendants knew or should have known that Plaintiff was performing compensable work.

61. Defendants failed to pay Plaintiff at least the federal minimum wage for all compensable hours worked.

62. Defendants' conduct was willful or showed reckless disregard for whether their compensation practices complied with the FLSA.

63. As a direct and proximate result, Plaintiff has suffered damages in an amount to be determined at trial, including unpaid minimum wages.

64. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

**Count II**
**Retaliation in Violation of the FLSA**
**29 U.S.C. § 215(a)(3)**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Plaintiff engaged in protected activity under the FLSA by complaining about not being paid, asserting that she was entitled to compensation for her work, and seeking wages owed for services rendered.

66. Defendants were aware of Plaintiff's protected activity.

67. After Plaintiff engaged in protected activity, Defendants took materially adverse action against her, including threatening her continued role, ending her work, and removing or causing her removal from the residence where she performed the work.

68. Defendants' adverse actions would dissuade a reasonable worker from asserting rights under the FLSA.

69. There was a causal connection between Plaintiff's protected activity and Defendants' adverse actions.

70. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages in an amount to be determined at trial, including lost wages and other compensatory damages permitted by law.

71. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to all available legal and equitable relief, including lost wages, liquidated damages where available, attorney's fees, costs, and such further relief as the Court deems proper.

**Count III**

**Failure to Pay Wages in Violation of Wis. Stat. Ch. 109**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Plaintiff earned wages for work performed for Defendants.

73. Defendants failed to pay Plaintiff wages when due.

74. Defendants unlawfully withheld wages owed to Plaintiff.

75. Pursuant to Wis. Stat. § 109.03(6), Plaintiff is entitled to recover the wages due and owing.

76. Plaintiff seeks all available relief, including attorney's fees and costs, as permitted under Wis. Stat. ch. 109.

## Count IV

## Failure to Pay Overtime Under the FLSA

## 29 U.S.C. § 207

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. Plaintiff regularly worked in excess of forty hours in one or more workweeks.
78. Plaintiff alleges that one or more Defendants were not entitled to claim any domestic-service overtime exemption, or that Plaintiff's work fell outside any such exemption, including because one or more Defendants functioned as a third-party employer, thereby removing Plaintiff's work arrangement from the scope of any household employer exemption under the FLSA or its implementing regulations.
79. Defendants failed to pay Plaintiff overtime compensation at one and one-half times her regular rate for hours worked over forty in a workweek.
80. As a direct and proximate result, Plaintiff has suffered damages in an amount to be determined at trial.
81. Plaintiff is entitled to all relief available under 29 U.S.C. § 216(b), including unpaid overtime compensation, liquidated damages, attorney's fees, and costs.

## Count V

## Failure to Pay Overtime Under Wisconsin Law

## Wis. Stat. § 103.02

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Plaintiff regularly worked in excess of forty hours in one or more workweeks.
83. Plaintiff alleges that Defendants were not entitled to any Wisconsin domestic-service overtime exemption applicable to Plaintiff's work arrangement.

84. Defendants failed to pay overtime wages due under Wisconsin law.

85. As a direct and proximate result, Plaintiff has suffered damages in an amount to be determined at trial.

86. Plaintiff is entitled to recover all wages and relief available under Wisconsin law.

**Count VI**

**Retaliation in Violation of Wisconsin Labor Standards Law**

**Wis. Stat. § 109.03(7)**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Plaintiff attempted to enforce rights given to her under Wisconsin labor standards and wage laws by asserting her entitlement to compensation and wages for work performed.

88. Defendants knew Plaintiff had attempted to enforce those rights, or believed she had done so or might do so.

89. Defendants thereafter discharged, discriminated against, retaliated against, or otherwise took adverse action against Plaintiff, including ending her role and removing her from the residence.

90. Defendants' actions were causally connected to Plaintiff's assertion of wage rights.

91. Plaintiff suffered damages as a result of Defendants' retaliatory conduct.

92. Plaintiff seeks all relief available by law arising from Defendants' retaliatory conduct.

**Count VII**

**Quantum Meruit/ Unjust Enrichment**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. Plaintiff conferred substantial benefits upon Defendants by providing valuable caregiving and household services.
94. Defendants appreciated, accepted, and retained those benefits.
95. It would be inequitable for Defendants to retain the benefit of Plaintiff's services without paying for them.
96. In the alternative to her statutory wage claims, Plaintiff is entitled to restitution and the reasonable value of the services she provided.

**Count VIII**

**Promissory Estoppel**

Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97. Defendants, including Misty Wood, made representations to Plaintiff that she should remain and that she would be paid as Ethel's condition worsened.
98. Defendants should reasonably have expected those representations to induce Plaintiff to remain and continue providing services.
99. Plaintiff reasonably relied on those representations by continuing to provide substantial caregiving and household services over an extended period.
100. Plaintiff suffered detriment as a result of that reliance.
101. Injustice can be avoided only by enforcement of the promise or an award of appropriate reliance damages.

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendants, as follows:

A. For unpaid minimum wages under the FLSA in an amount to be determined at trial;

B. For liquidated damages under the FLSA;

C. For damages and relief for retaliation under the FLSA;

D. For unpaid wages and all enhanced remedies available under Wisconsin law;

E. For overtime compensation under federal and Wisconsin law to the extent established by the evidence and applicable law;

F. For damages and all relief available arising from retaliatory conduct under Wisconsin law;

G. For restitution, reliance damages, and other equitable relief as permitted by law;

H. For prejudgment and post-judgment interest as allowed by law;

I. For reasonable attorney's fees and costs; and

J. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated at this 1st day of April , 2026.

**AXEPOINT LAW**
*Attorneys for Plaintiff*

Electronically Signed By:
*/s/ Emil Ovbiagele*
State Bar No. 1089677

826 N. Plankinton Ave, Suite 600
Milwaukee, WI 53203
Office: (414) 585-0588
Fax: (414) 255-3031
emil@axepoint.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): [X] Green Bay Division [ ] Milwaukee Division

**I. (a) PLAINTIFFS**
ELAINE GRINWALD

**DEFENDANTS**
ETHEL MAY CONNER, NICHOLAS CONNOR, AND MISTY WOOD

**(b)** County of Residence of First Listed Plaintiff: Dodge
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Outagamie
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AxePoint Law
826 N Plankinton Ave, Suite 600, Milwaukee, WI 53203
414-585-0588

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

[ ] 1 U.S. Government Plaintiff
[X] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 2 U.S. Government Defendant
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
[ ] 110 Insurance
[ ] 120 Marine
[ ] 130 Miller Act
[ ] 140 Negotiable Instrument
[ ] 150 Recovery of Overpayment & Enforcement of Judgment
[ ] 151 Medicare Act
[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
[ ] 153 Recovery of Overpayment of Veteran's Benefits
[ ] 160 Stockholders' Suits
[ ] 190 Other Contract
[ ] 195 Contract Product Liability
[ ] 196 Franchise

**REAL PROPERTY**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Federal Employers' Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
[ ] 365 Personal Injury - Product Liability
[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
[ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
[ ] 440 Other Civil Rights
[ ] 441 Voting
[ ] 442 Employment
[ ] 443 Housing/ Accommodations
[ ] 445 Amer. w/Disabilities - Employment
[ ] 446 Amer. w/Disabilities - Other
[ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
[ ] 463 Alien Detainee
[ ] 510 Motions to Vacate Sentence
[ ] 530 General
[ ] 535 Death Penalty
Other:
[ ] 540 Mandamus & Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition
[ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 690 Other

**LABOR**
[X] 710 Fair Labor Standards Act
[ ] 720 Labor/Management Relations
[ ] 740 Railway Labor Act
[ ] 751 Family and Medical Leave Act
[ ] 790 Other Labor Litigation
[ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
[ ] 462 Naturalization Application
[ ] 465 Other Immigration Actions

**BANKRUPTCY**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 835 Patent - Abbreviated New Drug Application
[ ] 840 Trademark
[ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
[ ] 375 False Claims Act
[ ] 376 Qui Tam (31 USC 3729(a))
[ ] 400 State Reapportionment
[ ] 410 Antitrust
[ ] 430 Banks and Banking
[ ] 450 Commerce
[ ] 460 Deportation
[ ] 470 Racketeer Influenced and Corrupt Organizations
[ ] 480 Consumer Credit (15 USC 1681 or 1692)
[ ] 485 Telephone Consumer Protection Act
[ ] 490 Cable/Sat TV
[ ] 850 Securities/Commodities/ Exchange
[ ] 890 Other Statutory Actions
[ ] 891 Agricultural Acts
[ ] 893 Environmental Matters
[ ] 895 Freedom of Information Act
[ ] 896 Arbitration
[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
[ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
Brief description of cause:
Defendants failed to pay the Plaintiff's wages.

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See updated instructions):*
JUDGE ______ DOCKET NUMBER ______

DATE
04/01/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/Emil Ovbiagele

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

Print Save As... Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending and previously filed cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases and file a Notice of Related Action pursuant to Civil L.R. 3(b).

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

ELAINE GRINWALD

*Plaintiff(s)*

v.

ETHEL MAY CONNER, NICHOLAS CONNOR, AND MISTY WOOD

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* NICHOLAS CONNOR
22501 Windermere Court
Novi, MI 48374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

AXEPOINT LAW
Emil Ovbiagele & Brinton Resto
826 N Plankinton Ave, Suite 600
Milwaukee, WI 53203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*LINDA M. KLEMM, CLERK OF COURT*

Date: 04/01/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))***

This summons and the attached complaint for *(name of individual and title, if any):* ______________________________

were received by me on *(date)* ______________ .

☐ I personally served the summons and the attached complaint on the individual at *(place):* ______________________________ on *(date)* ______________ ; or

☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)* ______________________________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons and the attached complaint on *(name of individual)* ______________________________ who is designated by law to accept service of process on behalf of *(name of organization)* ______________________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ Other *(specify):* ______________________________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Reset

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

ELAINE GRINWALD

*Plaintiff(s)*

v.

ETHEL MAY CONNER, NICHOLAS CONNOR, AND MISTY WOOD

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* NICHOLAS CONNOR
22501 Windermere Court
Novi, MI 48374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

AXEPOINT LAW
Emil Ovbiagele & Brinton Resto
826 N Plankinton Ave, Suite 600
Milwaukee, WI 53203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*LINDA M. KLEMM, CLERK OF COURT*

Date: 04/01/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

**(*This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l)*)**

This summons and the attached complaint for *(name of individual and title, if any):* ____________________

were received by me on *(date)* ____________ .

☐ I personally served the summons and the attached complaint on the individual at *(place):* ____________________ on *(date)* ____________ ; or

☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)* ____________________ , a person of suitable age and discretion who resides there, on *(date)* ____________ , and mailed a copy to the individual's last known address; or

☐ I served the summons and the attached complaint on *(name of individual)* ____________________ who is designated by law to accept service of process on behalf of *(name of organization)* ____________________ on *(date)* ____________ ; or

☐ I returned the summons unexecuted because ____________________ ; or

☐ Other *(specify):* ____________________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Reset

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

ELAINE GRINWALD

*Plaintiff(s)*

v.

ETHEL MAY CONNER, NICHOLAS CONNOR, AND MISTY WOOD

*Defendant(s)*

Civil Action No.

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

NICHOLAS CONNOR
22501 Windermere Court
Novi, MI 48374

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

AXEPOINT LAW
Emil Ovbiagele & Brinton Resto
826 N Plankinton Ave, Suite 600
Milwaukee, WI 53203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*LINDA M. KLEMM, CLERK OF COURT*

Date: 04/01/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

**(*This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l)*)**

This summons and the attached complaint for *(name of individual and title, if any)*:

were received by me on *(date)* .

☐ I personally served the summons and the attached complaint on the individual at *(place)*:

on *(date)* ; or

☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons and the attached complaint on *(name of individual)*

who is designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*:

.

My fees are $ for travel and $ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print | Save As... | Reset

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**ELAINE GRINWALD**

Plaintiff,

v. Case No. 1:26-cv-556

**ETHEL MAY CONNER,**
**NICHOLAS CONNER,**
**and**
**MISTY WOOD**

Defendants.

**PLAINTIFF'S DISCLOSURE STATEMENT**

The undersigned counsel of record for Plaintiff, Elaine Grinwald, submits this Disclosure Statement in compliance with Civil L.R. 7.1 and Fed. R. Civ. P. 7.1.

1. Plaintiff is Elaine Grinwald.

2. Plaintiff has not used any other names or aliases in this matter.

3. Plaintiff is an individual and is not required to identify any parent corporation or any publicly held corporation owning 10% or more of its stock under Fed. R. Civ. P. 7.1.

4. AxePoint Law appears as counsel for Plaintiff.

Dated at Milwaukee, Wisconsin this 1st day of April, 2026.

**AXEPOINT LAW**
*Attorneys for Plaintiff*

Electronically Signed By:
*/s/ Emil Ovbiagele*
State Bar No. 1089677
Brinton J. Resto
State Bar No. 1131783

826 N. Plankinton Ave, Suite 600
Milwaukee, WI 53203
Office: (414) 585-0588
Fax: (414) 255-3031
emil@axepoint.com
brinton@axepoint.com